**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farm Bureau Property & Casualty Insurance Company, | No. CV-15-00446-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Hewlett-Packard Company, et al., | |
| Defendants. | |

Plaintiff Farm Bureau Property & Casualty Insurance Company ("Farm Bureau") filed this lawsuit in state court on October 7, 2014. Doc. 1-1 at 2. On February 13, 2015, Farm Bureau served process by certified mail on Defendant Hewlett-Packard Company. Doc. 1-1 at 28. Hewlett-Packard removed the case to this Court, and has filed a motion to dismiss for insufficient service of process. Doc. 7. The Court will deny the motion.

**II.   Legal Standard.**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly[.]" *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). A defendant may challenge the sufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). In cases removed to federal court from state court, "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue[.]" *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *see also* 28 U.S.C. § 1448. On a motion to dismiss for

insufficient service of process, a federal court applies state law when the service occurred before removal, but was defective for reasons such as being past a state-law deadline. *See Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967); *see also Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-23 (7th Cir. 2001).

**III.   Analysis.**

Hewlett-Packard first argues that Farm Bureau's service of process was defective because it was completed 129 days after Farm Bureau filed its complaint.  Under the Arizona rules,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Ariz. R. Civ. P. 4(i).  Under this rule, a court must extend the time for service upon a showing of good cause, and may in its discretion extend the time for service absent a showing of good cause. *Maher v. Urman*, 124 P.3d 770, 774 (Ariz. Ct. App. 2005).  "In order to show good cause to extend time for service, a plaintiff must demonstrate he or she exercised due diligence in trying to serve the defendant." *Id.* at 775 (citing *Snow v. Steele*, 588 P.2d 824, 825 (Ariz. 1978)).

An extension of time for service of process is appropriate here.  Farm Bureau has produced e-mails showing that the parties' lawyers had discussed the service of process issue.  Before filing the complaint, Farm Bureau's lawyer asked Hewlett-Packard's lawyer whether he could accept service.  Doc. 9-2 at 2.  Hewlett Packard's lawyer responded "Let me ask HP and I will get back to you" (Doc. 9-3 at 2), and then never followed up on the issue.  Farm Bureau argues that it reasonably relied on Hewlett-Packard's representation and therefore excusably failed to serve process within the 120-day deadline.  Without deciding whether Farm Bureau has shown good cause for an extension, the Court finds that a discretionary extension is appropriate.  Service of

process was only nine days late, Hewlett-Packard was well aware of the lawsuit, and Farm Bureau has provided some explanation for its tardiness.[1]

Hewlett-Packard next argues that Farm Bureau's method of service was ineffective. Farm Bureau served Hewlett-Packard by sending a summons and the complaint to Hewlett-Packard's statutory agent in Delaware. Doc. 1-1 at 24-28. The documents were sent by certified mail and Hewlett-Packard's statutory agent signed and returned a receipt. *Id.* This method of service is permitted by the Arizona rules:

> When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. Service by mail pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender.

Ariz. R. Civ. P. 4.2(c). Farm Bureau's service by certified mail complied with this rule. *See* Doc. 1-1 at 24-28.

Relying on Rule 4.1(i), Hewlett-Packard argues that when a foreign corporation has a statutory agent in Arizona, service of process may not be made on a statutory agent outside of Arizona. Under Rule 4.1(i), service of process on a domestic or foreign corporation "shall be effected by delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]" Ariz. R. Civ. P. 4.1(i). Hewlett-Packard argues that because Rule 4.1 is under the heading "Service of Process Within Arizona," the Court should construe Rule 4.1(i) as requiring service on a statutory agent

---

[1] The Court is unaware of an Arizona case that addresses whether the 120-day deadline may be extended retroactively. Federal courts have found that the federal deadline may be so extended. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Because the Arizona Rule is substantively identical to the federal rule, the Court finds that the Arizona deadline may be extended retroactively.

- 3 -

1 in Arizona when such an agent exists.

2 The Court finds Hewlett-Packard's argument unconvincing. The rule does not say that if a corporation has a statutory agent in Arizona, a party may not serve process on a statutory agent outside of Arizona. Furthermore, Rule 4.2(c) explicitly allows service by certified mail on a statutory agent in another state, and the Court will not read the two rules as being in conflict. *See State v. Razo*, 988 P.2d 1119, 1120 (Ariz. Ct. App. 1999) ("We must endeavor . . . to construe apparently conflicting statutes in a way that gives effect to all."). The Court finds that Farm Bureau's service of process by certified mail under Rule 4.2(c) was appropriate. *See also Barlage v. Valentine*, 110 P.3d 371, 377-78 (Ariz. Ct. App. 2005) (finding that this method of service satisfied due process).[2]

**IT IS ORDERED** that Defendant Hewlett-Packard's motion to dismiss (Doc. 7) is **denied.** The deadline for service on Hewlett-Packard is retroactively extended, and Farm Bureau's service of process on February 13, 2015 (Doc. 1-1 at 24-28) satisfies the service-of-process requirement.

Dated this 15th day of May, 2015.

David G. Campbell
United States District Judge

---

[2] Hewlett-Packard also argues that service of process by certified mail is not a valid method of service. The cases that Hewlett-Packard cites, however, do not stand for this broad proposition. Rather, they simply hold that in certain circumstances under federal or local rules, service by certified mail is ineffective.

- 4 -